¶ 18} I respectfully dissent from the majority opinion.
 {¶ 19} The majority concludes the law of the case applies to the extent the trial court must grant permanent custody of the minor child to GCSB. I disagree. The doctrine of the law of the case applies to legal questions in all subsequent proceedings. It does not preclude redetermination of factual questions involving weighing of evidence.
 {¶ 20} In the previous appeal, after weighing the evidence in the record, this Court did not elect to render the judgment or final order that the trial court should have rendered on that evidence as is expressly permitted under App. R. 12(C). Instead, we remanded the case to the trial court for further proceedings. App. R. 12(C) further provides, "* * * that a judgment shall be reversed only once on the manifest weight of the evidence." Although the rule does not specifically require a new hearing, neither does it prohibit one.[1]
The rule does seem to suggest the trial court may rehear the matter without being bound to render judgment as the appellate court would have on the *Page 9 
original record. It appears the trial court did not fully understand the extent of its authority upon remand, but rather felt compelled to enter judgment in favor of GCCSB. Because of this apparent misunderstanding of its authority, I would reverse the trial court's decision and remand the matter again to the trial court to re-determine the cause within its discretion as provided for under App. R.12(C).
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby affirmed. Court Costs waived.
[1] While the trial court's observation our reversing error did not require additional evidence, it did not preclude it because we did not elect to enter final judgment. *Page 1